IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SKYE R. PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-4103-JAR-ADM |
| | ) | |
| CITY OF FARMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff Skye R. Paige's Motion to Appoint Counsel. (ECF No. 4.)  For the reasons discussed below, the court denies her request for appointment of counsel, but without prejudice to be renewed at a later procedural juncture.

**I.     BACKGROUND**

Ms. Paige, proceeding pro se, filed a complaint on November 4, 2019.  Her complaint alleges that she was discriminated against in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  More specifically, Ms. Paige alleges that she was subject to sexual harassment by a supervisor and was then discharged by defendant City of Farmington ("Farmington") in retaliation for filing a formal complaint.  The court granted Ms. Paige leave to proceed in forma pauperis ("IFP").  (ECF No. 5.)

**II.    DISCUSSION**

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam).  Title VII also provides that a court may appoint an attorney for an employment discrimination plaintiff

"in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Neither § 1915(e)(1) nor Title VII confers a statutory right to counsel. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize such a right in the Title VII context). The court is also mindful that neither provides a method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

### A.     28 U.S.C. § 1915(e)(1)

Section 1915(e)(1) gives the court "broad discretion" to request that an attorney represent an indigent party. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In exercising this discretion, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.* The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

The first factor—the merits of Ms. Paige's claims—weighs against appointing counsel. Ms. Paige alleges that she was sexually harassed by a supervisor from September to December

2

2014, forced to work with that supervisor after Farmington agreed that she would not be required to, and then, after she made a formal complaint, discharged in February. (*See* ECF No. 1-1, at 3-4.) Ms. Paige alleges that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 28, 2015. (*Id.* at 2.) The EEOC issued Ms. Paige a Dismissal and Notice of Rights on August 14, 2019. (*See* ECF No. 1-2, at 1.) In the Dismissal, the EEOC indicated that it was "unable to conclude that the information obtained [in its investigation] establishes violations of [Title VII]." (*Id.*)

Ms. Paige has not carried her burden to affirmatively establish the merit of her claims. Administrative findings in favor of a plaintiff are "highly probative" as to the merits of the plaintiff's claim. *See Coleman v. Gen. Motors*, No. 12-2305-CM, 2012 WL 13047580, at *2 (D. Kan. July 6, 2012). Ms. Paige has not provided any administrative findings from the EEOC that were in her favor; rather, the Dismissal and Notice of Rights indicated that the EEOC was unable to conclude that any violations of Title VII occurred. Further, the court questions whether the defendant Farmington—a city in Missouri—is subject to personal jurisdiction in this District.

The second factor is the nature and complexity of the factual and legal issues in the case. Ms. Paige's claims relate to alleged employment discrimination and retaliation. The factual and legal issues do not appear to be complex. This factor also weighs against appointing counsel.

The third and final factor is Ms. Paige's ability to investigate the facts and present her claims. Here, her complaint demonstrates that she has already conducted at least some investigation, and she has previously presented her claims to the EEOC. There is no indication that she could not continue her investigation and adequately present her claims to the court.

Appointing counsel to represent Ms. Page is not warranted at this time because none of the § 1915(e)(1) factors weigh in her favor.

**B.     42 U.S.C. § 2000e–5(f)(1)**

The court may also appoint an attorney pursuant to Title VII "[u]pon application by the [plaintiff] and in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). The court's discretion to appoint counsel under § 2000e-5 is "extremely broad." *Castner*, 979 F.2d at 1420. In exercising this discretion, the court considers the following factors: (1) the party's "financial inability to pay for counsel"; (2) the party's "diligence in attempting to secure counsel"; (3) the merits of the party's claims; and (4) the party's ability to present the case without counsel. *Id.* at 1421-22.

The first factor—whether Ms. Paige has the financial ability to secure counsel—weighs in favor of appointment. The primary inquiry here is whether a party has the "ability to hire counsel and still meet his or her daily expenses." *Id.* at 1422. As discussed *supra*, this court granted Ms. Paige leave to proceed IFP. The information provided in the financial affidavit she submitted in support of her IFP motion reflects that she would be unable to meet her daily expenses if she were to hire an attorney.

The second factor weighs against appointing counsel. Before a court grants a request to appoint an attorney, a party must demonstrate a "reasonably diligent effort under the circumstances to obtain counsel." *Id.* Typically, a plaintiff must meet with and discuss her case with at least five attorneys. *Jones v. Maritz Research Co.*, No. 14-2467-SAC-GLR, 2014 WL 6632929, at *2 (D. Kan. Nov. 21, 2014). Ms. Paige's motion indicates that she contacted five attorneys, three of whom declined to take her case for reasons relating to the EEOC's delay in issuing its determination or not being based in the St. Louis area. Ms. Paige does not appear to have conferred with the two other attorneys listed in her motion. Because it does not appear that Ms. Paige made a reasonably diligent effort to obtain counsel, her failure to do so is grounds enough to deny her

4

request for appointment of counsel. *See, e.g.*, *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *2 (D. Kan. Feb. 6, 2014) (finding that a plaintiff conferring with only three attorneys was "adequate grounds to deny the motion for appointment").

Before a court appoints counsel, a party must also affirmatively show that she asserts meritorious claims. *See Castner*, 979 F.2d at 1421. As discussed *supra*, the court cannot conclude from reviewing Ms. Paige's complaint that her claims have sufficient merit to warrant appointment of counsel.

The final factor—Ms. Paige's ability to present her claims without counsel—does not weigh in favor of appointing counsel. In analyzing this factor, a court "look[s] to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts." *Id.* at 1422. As discussed *supra*, the factual and legal issues in this case do not appear to be complex, and Ms. Paige has not shown any reason why she cannot investigate her claims and present them to the court.

In sum, Ms. Paige has not shown that appointment of counsel is warranted under Title VII at this time.

### III.    CONCLUSION

The court declines to appoint counsel for Ms. Paige pursuant to § 1915(e)(1) or Title VII at this time. The court recognizes, however, that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson*, 2014 WL 494789, at *3. Ms. Paige may therefore renew her motion at a later procedural juncture.

5

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Skye R. Paige's Motion to Appoint Counsel (ECF No. 4) is denied without prejudice.

**IT IS SO ORDERED.**

Dated November 25, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
