**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SKYE R. PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-4103-JAR-ADM |
| | ) | |
| CITY OF FARMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Skye R. Paige, proceeding pro se and *in forma pauperis*, has filed a complaint (ECF No. 1) against defendant City of Farmington ("Farmington") in which she alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Specifically, Ms. Paige's complaint[1] alleges she was sexually harassed by a supervisor during her employment with Farmington and, after she filed a formal complaint, discharged. For the reasons discussed below, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Missouri.

**I.    28 U.S.C. § 1915(e)(2)**

Where a plaintiff proceeds *in forma pauperis*, the court is required to screen the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). The court "shall dismiss" a case where it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Section 1915 does not expressly authorize a court to dismiss a case

---

[1] Ms. Paige's complaint consists of both a Civil Complaint form and Employment Discrimination Complaint form provided by the District for use by pro se litigants. (*See* ECF Nos. 1 and 1-1.) The court construes these documents together as a single complaint.

for lack of personal jurisdiction or venue, which are defenses that may be waived if not properly raised. *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006). However, a court may *sua sponte* consider personal jurisdiction and venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.* at 1217. A court "may dismiss under § 1915 only if 'it is clear that [the plaintiff] can allege no set of facts' to support personal jurisdiction or venue." *Id.* (alteration in original) (citation omitted). As discussed below, the allegations in Ms. Paige's complaint do not support personal jurisdiction over Farmington or venue in this District.

## II.     Farmington is not subject to personal jurisdiction in this District.

A court must have personal jurisdiction over the parties to hear a case. In a federal question case, a court considering whether it has personal jurisdiction over a defendant must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015). Title VII does not authorize nationwide service of process. *See Townley v. Servicemaster Co., LLC*, No. 17-2430-DDC-JPO, 2017 WL 4843296, at *5 (D. Kan. Oct. 25, 2017). Service is therefore governed by Federal Rule of Civil Procedure 4(k)(1)(A), which requires the court "to apply the law of the state in which the district court sits." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "[T]he Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998). The court therefore analyzes whether personal jurisdiction over Farmington is appropriate under the Due Process Clause. *See id.*

Due process requires that the defendant "purposefully established minimum contacts within the forum State" and that asserting personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). A court may have general personal jurisdiction or specific personal jurisdiction over an out-of-state defendant. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903-04 (10th Cir. 2017). General personal jurisdiction—exercising jurisdiction for all purposes—is appropriate where a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). A court may exercise specific personal jurisdiction over an out-of-state defendant "only if the cause of action relates to the party's contacts with the forum state." *Old Republic*, 877 F.3d at 904. Central to the specific personal jurisdiction analysis is whether the defendant "purposefully directed its activities at residents of the forum state," and whether "the plaintiff's injuries [arose] out of [the] defendant's forum-related activities." *Id.* (second alteration in original).

Ms. Page's complaint names Farmington, a city in Missouri, as the sole defendant. She alleges that, during her employment with Farmington, she was sexually harassed by a supervisor from September to December 2014, subjected to further harassment when she was forced to continue working with that supervisor, and discharged in retaliation for filing a formal complaint in February 2015. (ECF No. 1-1 ¶ 10, at 4.) Ms. Paige alleges that the discriminatory conduct occurred in Missouri. (*Id.* ¶ 2, at 2.) In addition, when she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Ms. Paige listed a Missouri address as her street address. (ECF No. 1-3, at 1.)

3

After reviewing the complaint, the court finds that it cannot exercise general or specific personal jurisdiction over Farmington. There is no indication that Farmington has any contact with Kansas whatsoever. The conduct Ms. Paige complains of occurred entirely in Missouri, while she was living and working in that state. Consequently, this court exercising personal jurisdiction over Farmington would violate due process.

**III.    Venue is improper in this District.**

Title VII's venue provision allows a plaintiff to bring a lawsuit:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). Ms. Paige's complaint does not allege any facts to suggest that venue in Kansas is appropriate. As discussed above, she alleges the unlawful employment practices were committed in Missouri. (ECF No. 1-1 ¶ 2, at 2.) Farmington presumably maintains its employment records and its employees who would be witnesses in the case in Missouri; Ms. Paige has not alleged otherwise. And, if Farmington had not allegedly retaliated against Ms. Paige, she would have continued to work in Missouri. Venue is therefore improper in this District. Instead, because Farmington is located in St. Francois County, Missouri to the south of St. Louis,[2] venue would lie in the United States District Court for the Eastern District of Missouri.

---

[2] The court takes judicial notice of the location of Farmington, Missouri. *See United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

4

**IV.      Transfer is appropriate.**

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." *Trujillo*, 465 F.3d at 1222. The Tenth Circuit interprets these statutes as "grant[ing] the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Id.* at 1222-23. To determine whether the interest of justice warrants transfer, courts consider factors such as: (1) whether "the new action would be time barred"; (2) whether "the claims are likely to have merit"; and (3) whether "the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n.16 (internal quotation marks omitted).

A Title VII plaintiff must file a lawsuit within 90 days of receiving a Right to Sue letter from the EEOC. *See Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1186 (10th Cir. 2006). Ms. Paige filed this lawsuit within the 90-day window. However, that window closed in approximately mid-November 2019. (*See* ECF No. 1-2, at 1 (Right to Sue letter dated August 14, 2019).) If the court were to dismiss the case, a new lawsuit would potentially be time barred. Further, Ms. Paige's claims are not patently unmeritorious, and it appears that she filed this lawsuit in good faith in this District. Because the interests of justice favor transfer, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Missouri.

**V.       Conclusion**

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the court informs Ms. Paige that she may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If Ms. Paige fails to file

5

Case: 4:20-cv-00320-HEA   Doc. #: 7   Filed: 02/03/20   Page: 6 of 6 PageID #: 39

objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff Skye R. Paige's case be transferred to the United States District Court for the Eastern District of Missouri.

**IT IS FURTHER ORDERED** that the clerk's office shall send a copy of this report and recommendation to Ms. Paige via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated February 3, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
