UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SKYE R. PAIGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-320 HEA |
| CITY OF FARMINGTON, | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff moves for appointment of counsel. After considering the motion and the pleadings, the motion is denied without prejudice to refiling at a later time.

### Background

Plaintiff, proceeding pro se, filed her complaint on November 4, 2019 in the United States District Court for the District of Kansas. Her complaint alleges that she was discriminated against in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, plaintiff alleges that she was subject to sexual harassment by a supervisor and was then discharged by defendant City of Farmington ("Farmington") in retaliation for filing a formal complaint. The United States District Court for the District of Kansas granted plaintiff leave to proceed in forma pauperis on November 25, 2019, and the Court transferred this case to the instant Court on February 28, 2020.

### Discussion

Defendant moved for appointment of counsel in the District of Kansas on November 4, 2019. Her request was denied by the District of Kansas on November 25, 2019. In its Order denying plaintiff's motion for counsel, the Court noted that at that point in the action, plaintiff had not carried her burden in showing that she was entitled to appointment of counsel.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although the Court has reviewed plaintiff's filings, it is not yet clear that plaintiff has presented non-frivolous allegations in her two-fold complaint.[1] However, she has demonstrated, at this point, that she can adequately present her claims to the Court, just as she did to the Equal Employment Opportunity Commission. Additionally, neither the factual nor the legal issues in this case are complex, as they appear to be a straight-forward employment discrimination and retaliation action, brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. To that end, the Court will deny plaintiff's motion for appointment of counsel at this time.

The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #19] is **DENIED** without prejudice.

Dated this 27th day of March, 2020.

---

[1] As noted in the Court's Memorandum and Order entered this same date, plaintiff filed two separate complaints on November 4, 2019. Thus, the Court has ordered plaintiff to amend her complaint on a court-form. Plaintiff will have thirty days to do so.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE