# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SKYE PAIGE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:20-CV-320 HEA |
| CITY OF FARMINGTON, | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to strike, or alternatively to dismiss plaintiff's complaint. Defendant moves to dismiss this action due to improper service under Federal Rule of Civil Procedure 4(j). Defendant's request for dismissal will be denied as plaintiff has been ordered to amend her pleading. However, the Court will grant defendant's motion to strike plaintiff's original service of process. Alias summons will be ordered on plaintiff's amended pleading once it is filed.

## Background

Plaintiff, proceeding pro se, filed her complaint on November 4, 2019 in the United States District Court for the District of Kansas. Her complaint alleges that she was discriminated against in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, plaintiff alleges that she was subject to sexual harassment by a supervisor and was then discharged by defendant City of Farmington ("Farmington") in retaliation for filing a formal complaint. The United States District Court for the District of Kansas granted plaintiff leave to proceed in forma pauperis on November 25, 2019. Because plaintiff was granted the ability to

proceed as a pauper pursuant to 28 U.S.C. § 1915, the District Court was mandated to carry out service of process for plaintiff.

The District of Kansas issued service of summons on behalf of plaintiff through the U.S. Marshal's Office on February 4, 2020. The U.S. Marshal's Office served the City of Farmington by certified mail on February 10, 2020. The summons was signed for by Laura Danieley, a Utility Billing Clerk for the City of Farmington.

In its motion to strike, or alternatively to dismiss, defendant argues that Ms. Danieley did not have authorization to accept service on behalf of the City of Farmington. Thus, defendants assert that proper service was not effectuated under Federal Rule of Civil Procedure 4(j).

**Discussion**

As noted above, the Court is mandated to effectuate service of process on behalf of plaintiff because she is proceeding as a pauper, pursuant to 28 U.S.C. § 1915. A review of Federal Rule of Civil Procedure 4(j) reveals that service on a municipal government must be effectuated by delivering a copy of the summons and complaint on its Chief Executive Officer. *See* Fed.R.Civ.P.4(j)(2)(A). As the Court has issued an order simultaneously with this Memorandum and Order requiring plaintiff to amend her complaint,[1] the Court will issue personal summons through the U.S. Marshal's Office in accordance with Federal Rule of Civil Procedure 4(j) after such time as plaintiff files her amended pleading. This will no doubt remedy defendant's issues relating to service.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike, or alternatively, to dismiss [Doc. #16] is **GRANTED IN PART**. Defendant's request to dismiss this action is **DENIED** as

---

[1] Defendant also asserted in its motion to dismiss that plaintiff had two separate complaints docketed as one complaint, leaving it unsure of which complaint to file its responsive pleading.

2

the Court has ordered plaintiff to file an amended pleading. Defendant's request to strike plaintiff's original service of process is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will order alias summons on plaintiff's amended complaint after such time as she files her amended pleading.

Dated this 27th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE