UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SKYE PAIGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-320 HEA |
| | ) |
| CITY OF FARMINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's amended complaint. After reviewing the amended complaint pursuant to 28 U.S.C. § 1915, the Court will dismiss the City Administrator from this action and issue process on the City of Farmington.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee, or *in forma pauperis*, if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense.  *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## Background

Plaintiff's amended complaint alleges that she was discriminated against in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, plaintiff alleges that she was subject to sexual harassment by a supervisor and was then discharged by defendant City of Farmington ("Farmington") in retaliation for filing a formal complaint.

Plaintiff, proceeding pro se, filed her complaint on November 4, 2019 in the United States District Court for the District of Kansas. The case was transferred to this Court on February 28, 2020. Upon review of the record, it became apparent that plaintiff had filed two completed complaints as her "original complaint" on November 4, 2019. Plaintiff was ordered to amend her complaint on March 27, 2020. She filed her amended complaint on April 25, 2020.

**The Amended Complaint**

Plaintiff asserts that she was employed as a night custodian at the Farmington Civic Center. She claims that she was hired on September 24, 2014, and that she started work that same evening under the supervision of Tim Gaston, Facilities Supervisor.

Plaintiff claims that from her first shift with Clifton Sean Cooper, her weekend and evenings supervisor, she was subjected to routine sexual harassment. The behavior began as directed comments such as "when was the last time you were with a guy", to "what do you enjoy" and "I think I could make you pretty happy in bed." These comments were constant every shift plaintiff had to work with Cooper from approximately September 28, 2014. Plaintiff states that she attempted to ignore the harassing statements. However, during this same time period, Cooper engaged in a sexual relationship with another female worker on the same shift and bragged about his exploits with other women. Plaintiff asserts that several girls had worked at the Farmington Civic Center and resigned shortly after starting due to Cooper's treatment and behavior.

Plaintiff claims that on November 17, 2014 she told Cooper that she was not interested in him and would never have sex with him. Plaintiff asserts that she told Cooper at that time that he needed to keep any conversation with her to work-related topics. After this request, plaintiff states that Cooper began to criticize her personally. His language was "belligerent and crude," allegedly calling plaintiff "stupid." Plaintiff claims that on December 7, 2014, Cooper yelled at her for several minutes with "personal insults" as well as insults relating to Tim Gaston.

Plaintiff claims that on or about December 7, 2014, Cooper yelled at her for several minutes with personal insults. Plaintiff states that she immediately thereafter informed Gaston about Cooper's treatment, and on the next day she informed Bud Norman, Director of Facility

3

Maintenance, about her complaints of sexual harassment. Plaintiff claims that Norman told plaintiff to file a formal complaint with the City of Farmington.

Plaintiff asserts that on December 15, 2014, she filed a formal complaint with the City of Farmington, and additionally sent a letter via the United States Postal Service to Gregory Beavers, City Administrator regarding her complaints. She claims that on January 27, 2015, she was approached by Tim Gaston before her shift started and told she was being investigated for striking someone and told she could not return to work until the investigation was completed. Plaintiff later found out by FOIA request that Tim Gaston had made a verbal complaint that plaintiff "poked" him at work.

Plaintiff asserts that on February 3, 2015, she was informed by Bud Norman that she was being discharged and her services were no longer required. Plaintiff states that she has not been told of the findings relating to her complaints of sexual harassment.

Plaintiff seeks compensatory damages in this action against the City of Farmington and City Administrator, Gregory Beavers.

## Discussion

Plaintiff's amended complaint alleges that she was discriminated against in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, plaintiff alleges that she was subject to sexual harassment by a supervisor and was then discharged by defendant City of Farmington ("Farmington") in retaliation for filing a formal complaint. Plaintiff has also checked the box for discrimination on the basis of gender on her amended complaint form.[1]

---

[1] The Court does not have a copy of Plaintiff's Charge of Discrimination form to check to see if the allegations in her amended complaint match the allegations marked on her Charge of Discrimination filed with the EEOC.

4

In her amended complaint, plaintiff alleges that she filed her Charge of Discrimination with the Equal Employment Opportunity Office "EEOC" on May 28, 2015, well within the 300-day time limit provided by the regulations. *See* 42 U.S.C. § 2000e-5(b), (c), (e); *Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). Additionally, plaintiff timely filed her lawsuit within 90 days of receipt of her right to sue letter from the EEOC on August 14, 2019. 42 U.S.C. § 2000e-5(f).

However, plaintiff has not only sued her employer, the City of Farmington, in this action, but she has also sued one of her supervisors, Gregory Beavers, the City Administrator. The Eighth Circuit Court of Appeals has "squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997)); *see also Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, the Court will dismiss the Gregory Beavers from this action.

The Court will order service of process, however, on the City of Farmington, pursuant to Federal Rule of Civil Procedure 4(j), as the City has been properly named in her amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against Gregory Beavers, City Administrator, are **DISMISSED** as plaintiff cannot bring claims against a supervisor under Title VII.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to be issued through alias summons through the United States Marshal's Office on the City of Farmington. The City of Farmington shall be served with alias summons pursuant to

5

Fed.R.Civ.P.4(j) by serving the City of Farmington's Mayor, Larry Forsythe, at 110 W. Columbia Street, Farmington, Missouri 63640.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 5th  day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE